Sucesión Fuster, Recurrente, *v.* El Registrador, Recurrido.

### Recurso gubernativo contra resolución del Registrador de la Propiedad de Guayama.

No. 131.—Resuelto en febrero 14, 1913.

Posesión—Conversión en Dominio—Casa en Solar del Municipio.—Inscrita la posesión de una casa a favor de su dueño en virtud de expediente posesorio, del cual resulta que el solar pertenece al municipio, no puede el registrador de la propiedad negarse a verificar la conversión de la inscripción posesoria en inscripción de. dominio, por el fundamento de aparecer del registro estar enclavada la casa en solar del municipio.

Nulidad de Inscripción—Facultades de los Registradores—Recurso Gubernativo.—Hecha una inscripción en el registro, queda bajo la salvaguardia de las cortes de justicia, únicas que tienen facultades para determinar, en el correspondiente juicio, la validez o nulidad de una inscripción, sin que pueda tal cuestión discutirse en un recurso gubernativo.

Posesión—Conversión en Dominio.—Si del registro aparece que una casa está enclavada en solar del municipio, es claro que la conversión de la inscripción posesoria de dicha casa en inscripción de dominio, afecta exclusivamente a la casa y nó al solar del municipio, sobre el cual reconoció el promovente del expediente posesorio que estaba radicada la casa.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Domínguez Rubio.*

El Registrador compareció en nombre propió.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

La Sucesión Fuster, de que son miembros Doña Leonor y Don Rafael Fuster y Blien, presentó el 19 de octubre del año próximo pasado en el Registro de la Propiedad de Guayama, certificación de una resolución que con fecha del día anterior había dictado la corte municipal de aquella ciudad, ordenando se convirtiera en inscripción de dominio la inscripción posesoria de tres fincas radicadas dentro del término municipal de dicha ciudad, una de ellas rústica y dos urbanas.

El registrador llevó a cabo la conversión ordenada en cuanto a la finca rústica y la denegó en cuanto a las dos urbanas, por medio de nota que transcribimos a continuación:

"Hecha la conversión que se ordena en el precedente documento en cuanto a la finca rústica, por nota al margen de la inscripción primera de la finca No. 981, al folio 226 del tomo 18 de Guayama, denegándose la inscripción en cuanto a las casas, por aparecer del registro. estar enclavadas en solares del municipio de esta ciudad.—Guayama, octubre veinte y nueve de mil novecientos doce.

"El registrador, ·

"Felipe Cuchí Arnau."

Esta nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto en la parte relativa a las dos fincas urbanas.

Para mejor conocimiento del caso pedimos al Registrador de la Propiedad de Guayama, certificación expresiva de las inscripciones posesorias de las dos fincas de que se trata; y de la certificación que nos ha sido enviada aparece que Don Rafael Fuster y Aguiló, causante de la sucesión recurrente, promovió expediente ante el antiguo Juzgado de 1ª. Instancia de Guayama para acreditar la posesión de las dos fincas urbanas de que se trata, las que adquirió por haberlas construído con peculio propio en solares que le concedió el ayuntamiento de Guayama, cuyo expediente fué aprobado por auto de 26 de septiembre de 1896, habiéndose inscrito en su consecuencia la posesión de ambas fincas con fecha 15 de octubre siguiente en el mencionado registro a favor de Don Rafael Fuster y Aguiló sin perjuicio de tercero de mejor derecho.

Como en el escrito inicial del expediente posesorio se expresó claramente que las fincas fueron adquiridas con peculio propio en solar concedido por el ayuntamiento y las pruebas practicadas tendieron a demostrar que eran poseídas a nombre propio por Don Rafael Fuster y Aguiló, no cabe duda de que la posesión aprobada por el Juzgado de 1ª. Instancia de Guayama e inscrita en el registro, se refería a las casas edificadas sobre solares del Municipio de Guayama, pero no a los solares mismos pertenecientes a dicho municipio y poseídos por tanto a nombre de éste.

Se hizo, pues, la inscripción de posesión de las dos casas

a favor de Don Rafael Fuster y Aguiló sin que aparezca que la propiedad de los solares en que estaban radicadas estuviera inscrita a favor del Municipio de Guayama, y no cabe discutir en el presente recurso si la inscripción de posesión de las dos casas sin estar inscritos los solares, adolece o no de nulidad, pues siendo un hecho la inscripción posesoria de ambos edificios, ha quedado bajo la salvaguardia de las cortes de justicia y sólo a éstas es dado resolver en el correspondiente juicio acerca de la validez o nulidad de los asientos e inscripciones, según resoluciones de la Dirección General de los Registros de España de 7 de septiembre de 1883, 7 de mayo y 15 de junio de 1884, 19 de noviembre y 17 de diciembre de 1885, 11 de febrero de 1887, 1°. de mayo de 1890 y 21 de junio de 1891. Antes de ahora ya hemos ratificado tal doctrina.

La inscripción posesoria de las dos casas ha de servirnos de punto de partida para la resolución que habremos de adoptar en el presente recurso.

Ahora bien, esa inscripción posesoria de las dos casas que no es extensiva a los solares del Municipio de Guayama en que están radicadas, es la que la corte municipal de dicha ciudad ordenó en resolución de 18 de octubre último, se convirtiera en inscripción de dominio, y el registrador debió dar cumplimiento a la expresada resolución por haberla dictado la Corte Municipal de Guayama dentro de los límites de su jurisdicción.

Si del registro aparece que las casas están enclavadas en solares del Municipio de Guayama, es claro que la conversión de la inscripción posesoria de las dos casas en inscripción de dominio, afecta exclusivamente a las casas y no a los solares del Municipio de Guayama sobre los cuales reconoció el causante de los recurrentes, estaban radicadas las casas y no en solares de su propiedad.

Por las razones expuestas, entendemos procede la revocación de la nota recurrida en cuanto deniega la conversión de la inscripción de posesión de las dos casas en inscripción de dominio, sin que esa conversión bajo concepto alguno pueda

afectar a los dos solares del Municipio de Guayama en que están radicadas.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.